In the Matter of Anthony B. BATTAGLIA, Debtor.

Linda MORGAN, Plaintiff,

v.

Anthony B. BATTAGLIA, Defendant.

Bankruptcy No. 84–29.
Adv. No. 84–28.

United States Bankruptcy Court,
D. Delaware.

Oct. 16, 1984.

Bettina C. Ferguson, Wilmington, Del., for plaintiff.

Robert K. Beste, Jr., Wilmington, Del., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Anthony B. Battaglia (Debtor) and Linda Morgan were formerly husband and wife. Following separation in January of 1982, they entered into a "Property Agreement" in July 1983. At that time, they were jointly liable for the following debts: Mastercard ($285); Associated Finance ($3,000); Girard Bank ($1,000); Sears ($480); Pomeroy's ($180); and Gemco Employee's Federal Credit Union ($550). Debtor assumed responsibility for the payment of all these obligations with the exception of the Mastercard debt in return for Ms. Morgan's conveyance to him of her interest in the marital home.

Approximately six months after entering into the agreement, Debtor filed a Chapter 7 petition listing these joint obligations and Linda Morgan as creditors. Associated Finance filed a suit against Debtor and Ms. Morgan but due to the Debtor's bankruptcy filing is now proceeding only against Ms. Morgan. Debtor was discharged from all dischargeable debts on May 29, 1984.

Ms. Morgan contends that Debtor's agreement to assume sole responsibility for these debts was made in lieu of alimony. Therefore, the debts are nondischargeable under 11 U.S.C. § 523(a)(5) which provides that a debt due a former spouse for alimony, maintenance or support is excepted from discharge. Thus, the issue presented is whether the Debtor's agreement to satisfy specific obligations was in the nature of alimony.

A creditor asking for a determination of nondischargeability of a debt has a difficult burden. The discharge provisions of the Bankruptcy Code are designed to provide a Debtor with an opportunity for a fresh start. Therefore, the statute must be strictly construed against the objecting creditor and liberally in favor of the Debtor. 3 *Collier on Bankruptcy*, ¶ 523.15, p. 523–14 (15th ed. 1984).

Federal bankruptcy law, not state law, must be applied to determine whether an obligation constitutes alimony, maintenance or support. H.R.Rep. No. 595, 95th Cong., 1st Sess. 363 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 77–79 (1978), U.S.Code Cong. & Admin.News 1978, 5787. The legislative history indicates that the key to determining the dischargeability of a debt is whether the underlying obligation is actually in the nature of alimony and is not a property settlement. The fact a provision is termed "alimony" is not determinative of the dischargeability of that obligation. Conversely, a "property settlement" may establish obligations that fall within § 523(a)(5) if the purpose of the settlement is to provide maintenance or support of a spouse or child of the Debtor. *Id.* p. 523–112.

This is a property division agreement. In addition to its title, note must be taken that the second introductory paragraph states that the parties desired to settle all outstanding matters of property between them. Its terms make no mention of support, maintenance or alimony for the wife. Ms. Morgan in the divorce proceeding commenced before the agreement was signed did not avail herself of the procedures necessary to establish the jurisdictional requirements to obtain alimony or spousal support. If there was to be any alimony or support, it would have to have been by agreement.

There was one paragraph in the agreement relating to support for their child but it was stricken because child support was not at issue. Debtor immediately following their separation began child support payments and continues to make those payments.

Debtor assumed certain of their joint obligations not to enable Ms. Morgan to support herself and her child but in return for conveyance of her interest in the marital home. This is not a obligation in the nature of alimony, maintenance or support that can be excepted from discharge under § 523(a)(5).

Neither party addressed the underlying nature of any of the individual debts. Assuming they are dischargeable debts, the

discharge order shields Debtor from any personal liability by prohibiting the individual creditors from attempting collection from him. This exposes Ms. Morgan to whatever action those creditors choose to take against her and she has no recourse against Debtor inasmuch as he has been released from his personal obligation to her. This is a harsh result especially in light of the comparatively short time between negotiation of the "property agreement" and the Debtor's filing of a bankruptcy petition.